Joshua M. Masur (State Bar No. 203510)
masur@turnerboyd.com
Jennifer Seraphine (State Bar No. 245463)
seraphine@turnerboyd.com
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, California 94063
Telephone: (650) 521-5930
Facsimile: (650) 521-5931

*Attorneys for Defendants GARMIN INTERNATIONAL, INC., and GARMIN USA, INC.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, PHOENIX DIGITAL SOLUTIONS LLC, and PATRIOT SCIENTIFIC CORPORATION<br><br>Plaintiffs,<br><br>vs.<br><br>GARMIN LTD., GARMIN INTERNATIONAL, INC. and GARMIN USA, INC.,<br><br>Defendants. | Case No. 3:12-cv-03870-VC<br><br>**DEFENDANTS GARMIN INTERNATIONAL, INC. AND GARMIN USA, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Defendants Garmin International, Inc. and Garmin USA, Inc. (collectively, “Garmin”), by and through the undersigned attorneys, hereby answer plaintiffs Technology Properties Limited LLC (“TPL”), Phoenix Digital Solutions LLC, and Patriot Scientific Corporation’s (collectively, “Plaintiffs”) Complaint (D.I. 1). Defendant Garmin Ltd. has been dismissed from this action (D.I. 23). For convenience, the headings from the complaint are reproduced here. To the extent not specifically admitted herein, all allegations of the Complaint are denied.

## PARTIES

1. Garmin lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 1, and therefore denies them.

2. Garmin lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 2, and therefore denies them.

3. Garmin lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 3, and therefore denies them.

4. Garmin admits that Garmin Ltd. is a Swiss corporation with a principal place of business at Muhlentalstrasse 2, 8200 Schauffhausen, Switzerland.

5. Garmin admits that Garmin International, Inc. is Kansas corporation with a principal place of business at 1200 East 151st Street, Olathe, Kansas 66062.

6. Garmin admits that Garmin USA, Inc. is Kansas corporation with a principal place of business at 1200 East 151st Street, Olathe, Kansas 66062.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNEMNT

7. Garmin admits that the complaint seeks damages and injunctive relief based on a claim of patent infringement under Title 35 of the United States Code. Except as so expressly admitted, Garmin denies the factual allegations contained in Paragraph 7, and specifically denies that it has committed infringement or that Plaintiff is entitled to any relief.

8. Garmin admits that the complaint purports to be an action for patent infringement under the United States patent statutes, and therefore, that subject matter jurisdiction is proper. Except as so expressly admitted, Garmin denies the factual allegations contained in Paragraph 8.

9. The allegations of Paragraph 9 call for a legal conclusion. Accordingly, Garmin denies the factual allegations contained in Paragraph 9, and specifically denies that it has committed acts of patent infringement. However, Garmin does not contest personal jurisdiction in this Court for this case as to Garmin International, Inc. and Garmin USA, Inc.

10. Garmin admits that venue is proper in this District. Except as so expressly admitted, Garmin denies the factual allegations contained in Paragraph 10.

11. Garmin admits that this is an intellectual property action and is therefore not subject to intradistrict assignment under Civil L.R. 3.2(c).

**THE ASSERTED PATENTS**

**The'749 Patent**

12. Garmin admits that United States Patent No. 5,440,749 ("the '749 Patent"), is entitled "High Performance, Low Cost Microprocessor Architecture," and issued on August 8, 1995 to Charles H. Moore and Russell H. Fish, III. Garmin further admits that Exhibit A to the complaint appears, on its face, to be a copy of the '749 Patent.

13. Garmin denies that the '749 patent teaches any subject matter not already known or obvious over the prior art and denies that the '749 patent is valid. Garmin lacks sufficient knowledge and information on which to form an admission or a denial regarding the remaining factual allegations contained in Paragraph 13, and therefore denies them.

14. Garmin lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 14, and therefore denies them.

**The '890 Patent**

15. Garmin admits that United States Patent No. 5,530,890 ("the '890 Patent"), is entitled "High Performance, Low Cost Microprocessor," and issued on June 25, 1996 to Charles H. Moore and Russell H. Fish, III. Garmin further admits that Exhibit B to the complaint appears, on its face, to be a copy of the '890 Patent.

16. Garmin denies that the '890 patent teaches any subject matter not already known or obvious over the prior art and denies that the '890 patent is valid. Garmin lacks sufficient knowledge and information on which to form an admission or a denial regarding the remaining factual allegations contained in Paragraph 16, and therefore denies them.

17. Garmin lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 17, and therefore denies them.

**The '336 Patent**

18. Garmin admits that United States Patent No. 5,809,336 ("the '336 Patent"), is entitled "High Performance Microprocessor Having Variable Speed System Clock," and issued on

September 15, 1998 to Charles H. Moore and Russell H. Fish, III. Garmin further admits that Exhibit C to the complaint appears, on its face, to be a copy of the ’336 Patent. Except as so expressly admitted or denied, Garmin denies the factual allegations contained in Paragraph 18.

19. Garmin denies that the ’336 patent teaches any subject matter not already known or obvious over the prior art and denies that the ’336 patent is valid. Garmin lacks sufficient knowledge and information on which to form an admission or a denial regarding the remaining factual allegations contained in Paragraph 19, and therefore denies them.

20. Garmin lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 20, and therefore denies them.

**COUNT I**

**INFRINGEMENT OF THE ’749 PATENT**

21. Garmin incorporates by reference its responses to Paragraphs 1 through 20 as though fully set forth herein.

22. Garmin denies the factual allegations contained in Paragraph 22, and specifically denies that the NUVI 3450 or any other of its products infringe any claim of the ’749 Patent

23. Garmin denies the factual allegations contained in Paragraph 23, and specifically denies that it has infringed the ’749 Patent, or that any act of Garmin has damaged Plaintiffs.

24. Garmin denies the factual allegations contained in Paragraph 24, and specifically denies that it has infringed the ’749 Patent, including doing so willfully or deliberately, and specifically denies that Plaintiffs are entitled to any relief, including enhanced damages or attorneys’ fees.

**COUNT II**

**INFRINGEMENT OF THE ’890 PATENT**

25. Garmin incorporates by reference its responses to Paragraphs 1 through 24 as though fully set forth herein.

26. Garmin denies the factual allegations contained in Paragraph 26, and specifically denies that the NUVI 3450 or any other of its products infringe any claim of the ’890 Patent.

27. Garmin denies the factual allegations contained in Paragraph 27, and specifically denies that it has infringed the ’890 Patent, or that any act of Garmin has damaged Plaintiffs.

28. Garmin denies the factual allegations contained in Paragraph 28, and specifically denies that it has infringed the ’890 Patent, including doing so willfully or deliberately, and specifically denies that Plaintiffs are entitled to any relief, including enhanced damages or attorneys’ fees.

**COUNT III**

**INFRINGEMENT OF THE ’336 PATENT**

29. Garmin incorporates by reference its responses to Paragraphs 1 through 28 as though fully set forth herein.

30. Garmin denies the factual allegations contained in Paragraph 30, and specifically denies that it has infringed, induced infringement of, or contributorily infringed any claim of the ’336 Patent, literally or under the doctrine of equivalents, and specifically denies that the NUVI 3450 or any other of its products infringe any claim of the ’336 Patent.

31. Garmin admits that TPL sent Garmin a letter dated July 9, 2007 with an enclosed disk, and that that letter referenced the '336 Patent. Whether the July 9, 2007 letter provided Garmin notice of the ’336 Patent calls for a legal conclusion. Except as so expressly admitted, Garmin denies the factual allegations contained in Paragraph 31, and specifically denies that it has infringed, induced infringement of, or contributorily infringed any claim of the ’336 Patent.

32. Garmin denies the factual allegations contained in Paragraph 32, and specifically denies that it has infringed the ’336 Patent, and specifically denies that it has contributed to or induced consumers to make or use the claimed inventions or to practice the claimed methods of the ’336 Patent.

33. Garmin lacks sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 33, and therefore denies them. Garmin also specifically denies any infringement by anyone using the NUVI 3450 or any other of its products.

34. Garmin denies the factual allegations contained in Paragraph 34, and specifically denies that it has infringed, induced infringement of, or contributorily infringed the '336 Patent, and specifically denies that any act of Garmin has damaged Plaintiffs.

35. Garmin denies the factual allegations contained in Paragraph 35, and specifically denies that it has infringed the '336 Patent, including doing so willfully or deliberately, and specifically denies that Plaintiffs are entitled to any relief, including enhanced damages or attorneys' fees.

## PRAYER FOR RELIEF

36. Garmin denies that Plaintiffs are entitled to any of the relief they have requested or to any other relief at all.

## DEMAND FOR JURY TRIAL

37. Garmin requests a trial by jury on all issues triable as of right by a jury, pursuant to Fed. R. Civ. P. 38.

## DEFENSES

Garmin, as further and separate defenses to the Complaint and without assuming any burden it would not otherwise have, without admitting that each of the following is an affirmative defense, and without admitting that it bears the burden of proof, alleges the following defenses. Garmin expressly reserves the right to allege additional defenses after appropriate discovery.

### Non-infringement and Invalidity

As required by 35 U.S.C. § 282(b), Garmin states that it has not infringed any valid asserted claim of the patents-in-suit, and that all such asserted claims are invalid pursuant to one or more provisions of Part II of Title 35, U.S. Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Limitations on Damages

Pursuant to 35 U.S.C. § 286, Plaintiffs may not recover money damages for any alleged infringement occurring more than six years prior to filing of this case. Because neither Plaintiffs nor their predecessors in interest complied with the notice provisions of 35 U.S.C. § 287, Plaintiffs may

not recover damages for any alleged infringement occurring prior to filing of this case. Plaintiffs are barred by 35 U.S.C. § 288 from recovering costs.

**Equitable Defenses**

Plaintiffs' claims are precluded, barred, or limited in whole or in part under principles of equity, including laches, waiver, estoppel, and/or unclean hands.

**License or Exhaustion**

Plaintiffs' claims are precluded, barred, or limited in whole or in part (i) to the extent that any allegedly infringing products or services are supplied, directly or indirectly to Garmin by an entity or entities having express or implied licenses to the '749 Patent, the '890 Patent, the '336 Patent and/or (ii) under the doctrine of patent exhaustion.

**Claim Preclusion, Issue Preclusion, *Kessler* Doctrine**

Plaintiffs' claims are barred, or limited, in whole or in part, by claim preclusion, issue preclusion, and/or the *Kessler* doctrine, or in view of judicial admissions made in prior proceedings, including but not limited to the '853 investigation before the ITC and in the action styled *HTC Corporation and HTC America, Inc. v. Technology Properties Limited LLC, et al.* (N.D. Cal. Case No. 5:08-cv-00882-PSG).

**Intervening Rights**

Plaintiffs are barred by 35 U.S.C. § 307(b) from claiming damages for infringement for devices made, or for which substantial preparations had been completed, prior to the substantive amendments of the '749 Patent, the '890 Patent, and the '336 Patent.

**Extraterritoriality**

Plaintiffs' claims for patent infringement are precluded, in whole or in part, to the extent that any accused functionality or acts are located or performed outside the United States.

**Government Sales**

Plaintiffs' remedies are limited under 28 U.S.C. § 1498(a) to the extent that any accused products have been sold to and/or used by the United States Government.

**Failure to Mitigate**

Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' failure to mitigate damages, if any.

**PRAYER FOR RELIEF**

WHEREFORE, Garmin respectfully requests the following relief against Plaintiffs:

(i) A judgment dismissing Plaintiffs' Complaint with prejudice; and

(ii) All other and further relief as this Court deems just and proper.

Respectfully Submitted,

TURNER BOYD LLP

Dated: December 18, 2014

*/s/ Jennifer Seraphine*

Jennifer Seraphine (State Bar No. 245463)
seraphine@turnerboyd.com
Joshua M. Masur (State Bar No. 203510)
masur@turnerboyd.com
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, California 94063
Telephone: (650) 521-5930
Facsimile: (650) 521-5931

Attorneys for Defendants
*GARMIN INTERNATIONAL, INC., and GARMIN USA, INC.*